UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOREN LAM,<br><br>    Plaintiff,<br><br>    v.<br><br>BIBIANE KINGUE, et al.,<br><br>    Defendants. | Case No. 19-CV-02993-LHK<br><br>**ORDER GRANTING MOTION TO REMAND; DENYING AS MOOT REQUEST TO BAR FUTURE REMOVALS AND MOTION TO SHORTEN TIME FOR MOTION TO REMAND**<br><br>Re: Dkt. Nos. 4, 18 |

On March 21, 2019, Plaintiff Loren Lam filed an unlawful detainer suit against Defendants Bibiane Kingue, James Felix, Bethany Birdsong, and Terrance Finley in the California Superior Court for Santa Clara County. ECF No. 1 at 10. On May 30, 2019, Kingue removed the suit to the Northern District of California. *Id.* at 1. Upon removal, this case was assigned to United States Magistrate Judge Nathanael Cousins. As of today, August 28, 2019, Kingue, who proceeds pro se, is the only Defendant to have appeared.

On June 18, 2019, Plaintiff filed a motion to remand this action to the California Superior Court for Santa Clara County and a request to bar any future removals. ECF No. 4 ("Remand Motion") at 1. Defendants failed to file an opposition to Plaintiff's Remand Motion by the July 2,

1

Case No. 19-CV-02993-LHK
ORDER GRANTING MOTION TO REMAND; DENYING AS MOOT REQUEST TO BAR FUTURE REMOVALS AND MOTION TO SHORTEN TIME FOR MOTION TO REMAND

2019 deadline. On July 8, 2019, Judge Cousins issued an order reminding Defendants that Defendants' opposition to the Remand Motion was past due. ECF No. 8 at 1. Judge Cousins extended the July 2, 2019 deadline for Defendants to file their opposition to July 15, 2019, and warned Defendants that "if they do not file a response to the motion to remand by July 15, the Court may remand the case." *Id.* As of August 28, 2019, Defendants have failed to file an opposition.

Because not all parties consented to Magistrate Judge jurisdiction, the instant case was reassigned to the undersigned judge on August 1, 2019. ECF No. 10.

Courts have held that failure "to oppose [a] motion for remand" means that remand is warranted. *Aurora Loan Servs., LLC v. Gutierrez*, 2012 WL 174851, at *1 (N.D. Cal. Jan. 20, 2012); *see also Bank of New York Mellon v. Crandall*, 2012 WL 117151, at *1 (S.D. Cal. Jan. 13, 2012) (granting motion to remand because "Defendant failed to file an opposition"); *Zatta v. Societe Air France*, 2011 WL 2472280, at *1 (C.D. Cal. June 21, 2011) (same); *Brittain v. Onewest Bank, FSB*, 2010 WL 889279, at *1 (N.D. Cal. Mar. 11, 2010) (same); *Sundby v. Bank of New York Mellon*, 2011 WL 1670914, at *1 (S.D. Cal. May 3, 2011) (same); *Rodriguez v. U.S. Healthworks, Inc.*, __F. Supp. 3d__, 2019 WL 2163003, at *5 n.4 (N.D. Cal. May 17, 2019) (same). Here, Defendants failed to oppose the Remand Motion despite Judge Cousins' deadline extension and warning that the case may be remanded if Defendants failed to oppose the Remand Motion. Thus, the Court GRANTS the Remand Motion.

Furthermore, remand is also warranted because 28 U.S.C. § 1446(b)(1) requires that a defendant seeking to remove a case to file a notice of removal "within 30 days after the receipt . . . of the initial pleading" or "within 30 days after the service of summons upon the defendant," whichever period is shorter. Defendants were served on March 28, 2019, ECF No. 4-1 at ¶ 4, but Kingue did not file a notice of removal until May 30, 2019, ECF No. 1. "'[I]f there is any doubt as to the right of removal in the first instance,' the court must grant the motion for remand." *Alvarez v. C & S Grocers, Inc.*, 2014 WL 799939, at *3 (E.D. Cal. Feb. 27, 2014) (quoting *Gaus v. Miles,*

2

Case No. 19-CV-02993-LHK
ORDER GRANTING MOTION TO REMAND; DENYING AS MOOT REQUEST TO BAR FUTURE REMOVALS AND MOTION TO SHORTEN TIME FOR MOTION TO REMAND

*Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Thus, Kingue's failure to file a notice of removal within 30 days of being served is yet another ground upon which the Court GRANTS the Remand Motion.

In addition, the Remand Motion included a request for an "order barring future removals of this action from State Court." ECF No. 4 at 7. However, Defendants cannot remove this action in the future because more than 30 days have elapsed since Defendants were served, so any future notice of removal would necessarily be untimely under 28 U.S.C. § 1446. Thus, the issue is moot because the time has passed for any Defendant to properly remove this action. Accordingly, the Court DENIES as moot Plaintiff's request for an order barring future removals.

Moreover, on August 26, 2019, Plaintiff filed a motion to shorten time to have the Court resolve the Remand Motion sooner than the November 7, 2019 hearing date. ECF No. 18. Because the Court grants the Remand Motion herein, the Court DENIES as moot Plaintiff's motion to shorten time.

In summary, for the foregoing reasons, the Court GRANTS the Remand Motion and REMANDS the instant case to the California Superior Court for Santa Clara County. The Court DENIES as MOOT Plaintiff's request to bar future removals of this action and Plaintiff's motion to shorten time for the Remand Motion.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 28, 2019

_Lucy H. Koh_
LUCY H. KOH
United States District Judge